**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Russell David MCGREGOR, aka Rusty,
Defendant—Appellant.**

No. 01–10727.

D.C. No. CR–00–00170–HDM/VPC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Jan. 7, 2003.

Before TASHIMA, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM *

Appellant Russell David McGregor ("McGregor") entered a conditional plea of guilty to one count of violating 21 U.S.C. § 846 and one count of violating 21 U.S.C. § 841(a)(1). McGregor appeals the district court's order denying his motion to suppress evidence seized during the search of his apartment. McGregor contends that law enforcement officers failed to comply with the knock and announce requirement of 18 U.S.C. § 3109 and therefore violated his Fourth Amendment right against unlawful search and seizure. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I.

McGregor contends that the officers' immediate entry into his residence after the door opened[1] was improper because McGregor had not affirmatively or impliedly refused the officers admittance and there were no exigent circumstances prior to the officer's announcement.[2] We have held that simultaneous, no-refusal entry is permissible under § 3109 if at least mild exigent circumstances exist. *United States v. VonWillie*, 59 F.3d 922, 925–26 (9th Cir.1995). Exigent circumstances are "those circumstances that would cause a reasonable person to believe that entry ... was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *United States v. Hudson*, 100 F.3d 1409, 1417 (9th Cir.1996) (citation and internal quotation marks omitted). Here, the officers were immediately overwhelmed with a strong odor of methamphetamine when the door opened. In addition, from their surveillance of the apartment, the officers were aware that children were in the apartment, and upon seeing McGregor duck out of sight, the officers had legitimate concerns about preserving potential evidence. Thus, at a minimum, mild exigent circumstances existed warranting the officers' immediate entry.

## II.

We hold that there was no Fourth Amendment violation because the officers' entry into McGregor's apartment was justified by exigent circumstances. Accordingly, the district court's order denying the motion to suppress is

AFFIRMED.

---

1. McGregor challenged the district court's factual finding that the door to his apartment was "ajar." We review the district court's factual findings for clear error. *United States v. Zermeno*, 66 F.3d 1058, 1063 (9th Cir. 1995). The district court's use of the term "ajar" may have been imprecise, but was not clearly erroneous in light of evidence in the record that although the door was not visibly opened, it was not completely latched.

2. The government, however, does not contend that there were exigent circumstances before the officers executed the search warrant.